THIRD DISTRICT—APRIL, 1917.        493

Chisholm v. First National Bank of LeRoy, 206 Ill. App. 493.

## John Y. Chisholm, Trustee, Appellee, v. First National Bank of LeRoy, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied and opinion modified and refiled July 2, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Y. Chisholm, trustee in bankruptcy of the estate of the Clarke Grain & Elevator Company of Le Roy, plaintiff, against the First National Bank of Le Roy, defendant, to recover certain alleged preferential payments made to it by the bankrupt. From a judgment for plaintiff for $6,297.20, defendant appeals.

For the decisions on former appeals, see 176 Ill. App. 382, and 190 Ill. App. 354, reversed in 269 Ill. 110. For a statement of the facts, see 269 Ill. 110.

LESLIE J. OWEN and DE MANGE, GILLESPIE & DE-MANGE, for appellant.

STERLING & WHITMORE and LIVINGSTON & BACH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chisholm v. First National Bank of LeRoy, 206 Ill. App. 493.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. BANKRUPTCY, § 38*—*when evidence sufficient to sustain verdict for plaintiff in action by trustee against bank to recover preferences.* In an action by a trustee in bankruptcy against a bank to recover certain alleged preferential payments to the bank by the bankrupt in violation of the Federal Bankruptcy Act, including the proceeds of the sale of an elevator business, part of which was paid directly in settlement of a note owed the bank and the balance deposited to the credit of the account of the bankrupt, which was overdrawn to an amount exceeding the balance of such proceeds deposited, evidence *held* sufficient to sustain a verdict for plaintiff.

2. APPEAL AND ERROR, § 1560*—*when refusal of cautionary instruction is not reversible error.* In an action by a trustee in bankruptcy against a bank to recover alleged preferential payments made in violation of the Federal Bankruptcy Act, an instruction that the fact that the court had instructed the jury relative to the measure of damages which might be allowed plaintiff in case he was entitled to recover under the evidence and instructions and the fact that defendant's counsel may have discussed the subject in argument was not to be taken as implying that the court had any opinion one way or the other, or that said counsel was admitting that plaintiff was entitled to any allowance of damages, *held* to be a proper cautionary instruction, but its refusal not reversible error.

3. BANKRUPTCY, § 38*—*when instruction on behalf of defendant in action by trustee to recover preferences is properly refused.* In an action by a trustee in bankruptcy against a bank to recover alleged preferential payments consisting of the proceeds of the sale of the bankrupt's business, part of which was paid directly in settlement of a note and the balance on an overdraft, an instruction that plaintiff was seeking to recover the amount received from the bankrupt in payment of its note on the ground that defendant knew at the time of payment or had reasonable cause to believe that it would thus illegally receive a greater percentage of its claim than other creditors, and that the law presumed that defendant did not have reasonable cause to believe that such payment would give it a preference, and no recovery could be had unless plaintiff proved that defendant knew or had reasonable cause to believe that it would thus receive a preference over creditors of the same class, *held* properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chisholm v. First National Bank of LeRoy, 206 Ill. App. 493.

4. BANKRUPTCY, § 38*—*when requested instruction on right of a bank to receive payment of note from insolvent debtor is properly refused.*   In an action by a trustee in bankruptcy against a bank to recover alleged preferential payments consisting of the proceeds of the sale of the bankrupt's business, part of which was paid directly in settlement of a note and the balance on an overdraft, a requested instruction for defendant that if the jury believed that the debtor was insolvent at the time it opened its account with the bank, and that it remained, so during the continuance of its transactions with the bank, and that at the close thereof the debtor had received more money from the bank than it had repaid, and that the payment of the note was a payment on open account in regular course of business, and the bank at the time of receipt thereof did not know or have reasonable ground to believe that the debtor was insolvent, the verdict should be for defendant, *held* properly refused, as the money received was applied directly in payment of the note and with the intention of extinguishing a pre-existing indebtedness evidenced by it.

5. BANKRUPTCY, § 23*—*what constitutes a preference.*   The payment of the proceeds of checks by a bankrupt directly to a bank with the intention of extinguishing a pre-existing indebtedness, a note owed to the bank, and without having such proceeds credited to the bankrupt's account, is voidable as a preference under the Federal Bankruptcy Act.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.